IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11264
Summary Calendar
_____

CARL J. NICHOLS,

Plaintiff-Appellant,

versus

JOSEPH K. PRICE, Warden; STEVEN N. RICH,
Assistant Warden; JAMES TURNER; LARRY J.
PATTISON, Sergeant; JOHN W. THOMAS,
Correctional Officer III; RICHARD A. DUFFY;
JIMMY D. BAGBY; TOMMY R. ROBERT; JOHN DOE,
#1; JOHN DOE, #2,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-173
--------------------
March 14, 2002

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Carl J. Nichols, Texas prisoner #670714, appeals the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. § 1915(e).

The district court did not abuse its discretion in denying Nichols' claim that he was denied access to courts as Nichols failed to show that the defendants' actions prejudiced his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

position in any legal proceeding.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Nichols' claims of retaliation for asking to speak to a supervisor about a correctional officer's conduct and for exercising his right to access to the courts are frivolous as Nichols failed to show that the correctional officers involved had any retaliatory intent.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Nichols' claim that he was denied due process at his disciplinary hearing because he was not allowed to call any witnesses is likewise frivolous.  Nichols may not recover damages for an allegedly unconstitutional disciplinary proceeding unless he establishes that the disciplinary proceeding has been reversed, expunged, or declared invalid.  See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).  Nichols fails to make such a showing.

Nichols' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Nichols that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; WARNING ISSUED.